U. S. DISTRICT COURT
N. D. OF N. Y.
FILED
APR 2 9 2002
AT ______ O'CLOCK ___ M
LAWRENCE K. BAERMAN, Clerk
UTICA

April 21, 2002

Hon. David N. Hurd
c/o Clerk
US District Court
Federal Building
10 Broad Street
Utica, NY

RE: Harris, Trustee v Paul S. Hudson et al, Case No. CIV 02-MC-18-DNH/RFT

Dear Judge Hurd:

I am writing because I was informed on Friday April 19th by John Sayre, Esq., attorney for the other four defendants, that he received a letter and some opposition papers from plaintiff attorney Michael Assaf, after the return date of his motion for withdrawal of reference and after your honor had entered on April 12, 2002 an order granting defendants' motion for withdrawal of reference transferring the subject case from the bankruptcy court to US District Court, ND NY.

I never received either of these documents from Attorney Assaf, although I have appeared pro se as the first named defendant in the subject case and am on the service list and should have been served. Also my bankruptcy attorney Richard Croak advised me that he did not receive any opposition papers on the withdrawal of reference motion either. Accordingly, I would request that these two documents be rejected and returned to Attorney Assaf unless he filed a proof of service upon me. In the event that Attorney Assaf did file a proof of service, I would request a reasonable time to respond.

I am also informed that Attorney Assaf may have contacted the clerk at the bankruptcy court in Albany and prevailed on them not to forward the case file to the US District Court as required by your order of April 12th, 2002 and contrary to a letter request for the case file sent by the US District Court clerk in Utica to the US Bankruptcy Court clerk in Albany.

Finally, I would request that the court not consider any unsworn statements of Attorney Assaf to the effect he was not aware of what court opposition papers to the withdrawal of reference should have been filed, when they were due or that he believed the defendants had granted him until April 10th or later to file any opposition papers. This motion was filed about three months ago, it was given a US District Court case number and two notices were sent out by the Clerk of the US District advising the parties of the return date etc.

U.S. DISTRICT JUDGE
N.D. OF N.Y.
RECEIVED
APR 2 3 2002

In my view, the plaintiff by his Attorney has engaged in a strategy to delay and frustrate consideration of this case by the court. On January 4th, Bankrutpcy Judge Littlefield decided after I moved to strike or dismiss the original complaint, to require the plaintiff to file an amended complaint by January 18th. I duly submitted an order on notice that was not objected to by Attorney Assaf requiring such. After the order was signed and entered, Attorney Assaf called chambers ex parte without notice to me to request a change in the order to permit him to serve the amended complaint after January 18th. Attorney Assaf then sent me a letter request to the court with a copy to me, and I promptly agreed to the change but requested both in writing and twice by telephone that the amended complaint be mailed or faxed to me. This was never done, and I did not receive the amended complaint until early April by substituted service even though it had been filed with bankrutpcy court in January. The other defendants tired of waiting and waived service, answered and moved for withdrawal of reference, change of venue, dismissal of the complaint and/or summary judgment, all of which motions, except the withdrawal of reference motion, are now pending before this court.

The defendants' motion for change of venue has had opposition and reply papers submitted and is now ripe for court decision. I will move and/or answer the amended complaint by April 24th.

Accordingly, it is respectfully requested that this court set a hearing or return date for the pending motions. Attorney Assaf should be required to follow the federal rules of civil procedure and local court rules with respect to reconsideration or appeal of the court's order of April 12th withdrawing reference, if he wishes to do so. Otherwise, the defendants will be prejudiced with additional delay, expense and loss of basic due process rights of notice and opportunity to respond, while the plaintiff and his attorney will be rewarded for their ignoring of motion practice rules and the court's prior notices.

Thank you for your consideration of these matters.

Respectfully,

Paul S. Hudson, Pro Se
2430 Vineyard Lane
Crofton, Maryland 21114
(410) 451-7051

cc Michael Assaf, Esq.
John Sayre, Esq.
Gregory Harris, Trustee

Clerk, US Bankruptcy Court, Albany